IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-477

Filed 3 September 2025

N.C. Industrial Commission, I.C. Nos. 16-764789, 16-764790

KAREN DENISE BLUE GILBERT, Administrator of the Estate of GILBERT BILLY LARSON BLUE, Deceased Employee,

       Plaintiff,

      v.

CONTINENTAL TIRE THE AMERICAS, Employer, self-insured, and GENERAL TIRE, INC./GENCORP., INC.; Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier,

       Defendants.

Appeal by Plaintiff from the Opinion and Award entered 13 November 2023 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 November 2024.

*Wallace and Graham, P.A., by Edward L. Pauley, for Plaintiff-Appellant.*

*Fox Rothschild LLP, by Kip David Nelson and Patrick M. Kane, for Defendant-Appellee Continental Tire the Americas.*

*Mullen Holland & Cooper, P.A., by John H. Russell, Jr., for Defendant-Appellee Liberty Mutual Insurance Company.*

HAMPSON, Judge.

This case is one of approximately 150 workers' compensation claims by or on behalf of former employees filed against Continental Tire the Americas (Defendant) alleging illness stemming from exposure to asbestos while working in Defendant's

tire manufacturing facility. Most of those cases—though not this case—were consolidated for hearing (the Consolidated Cases) before the North Carolina Industrial Commission (the Commission). From among those, six cases were chosen to serve as "bellwether" cases (the Bellwether Cases), which would proceed first and present both evidence specific to the claims of the Bellwether Plaintiffs as well as evidence of exposure common to all claims. This common evidence would then be part of the record in all of the remaining cases. A fuller discussion of the procedural background may be found in our opinion in *Funderburk v. Continental Tire the Americas*, ___ N.C. App. ___, ___ S.E.2d ___ (No. COA 24-192, 2025), issued simultaneously with this opinion.

The Industrial Commission found the common evidence presented in the Bellwether Cases was insufficient to support a finding that employees were "exposed to asbestos in any such form and quantity, and used with such frequency, as to cause asbestosis or any asbestos-related condition." We affirmed the Opinion and Award of the Industrial Commission. *Hinson v. Continental Tire the Americas*, 267 N.C. App. 144, 832 S.E.2d 519 (2019).

Following our opinion in *Hinson*, Defendant moved to dismiss the asbestos-related claims of the remaining 139 Consolidated Plaintiffs. 125 of the Consolidated Plaintiffs voluntarily dismissed their claims, leaving 14 pending claims. On 13 November 2023, the Full Commission entered Opinions and Awards dismissing the remaining claims, including Plaintiff's claim in this case, holding their claims were

barred by the Opinions and Awards in the Bellwether Cases under both collateral estoppel and the doctrine of "law of the case." Plaintiff and twelve other former employees appealed, and we consolidated the thirteen appeals for hearing.

We address the Industrial Commission's holding in our opinion in *Funderburk* and, for the same reasons, hold it erred in holding Plaintiff's claim in this case was precluded under either collateral estoppel or the "law of the case." We held the plaintiff in *Funderburk* and other similarly-situated plaintiffs must be allowed to present evidence specific to their claims, as the common evidence alone could not show whether the plaintiffs were subject to more specific theories of exposure or illness.

We note additionally that, as Plaintiff was not among the Consolidated Plaintiffs, there is no indication in the Record that the common evidence introduced in the Bellwether Cases was part of the evidentiary record in Plaintiff's case. Defendant, however, identifies an agreement it entered into with Plaintiff, in which Defendant agreed not to object to the disbursement of third-party settlement funds in exchange for certain concessions should Defendant be required to make workers' compensation payments to Plaintiff. Part of this document states:

> WHEREAS the bellwether cases are currently pending on appeal and include findings of facts which would be common to this claim.

Defendant argues this amounts to a binding stipulation to be bound by the results in the Bellwether Cases, such that dismissal of her claim is appropriate.

Assuming this statement in a compromise agreement—unrelated to consolidation of cases or evidentiary questions—constitutes a stipulation by Plaintiff, this stipulation would, at most, put Plaintiff in a position similar to that of the plaintiff in *Funderburk.* The applicable findings in the Bellwether Cases are limited to finding the common evidence was insufficient to show causation. There has been no finding regarding more specific evidence or theories provided by Plaintiff, because Plaintiff has not had an opportunity to present such evidence. Plaintiff must be allowed to present evidence specific to her claim.

Thus, Plaintiff's claim is not precluded by the prior Bellwether Claims. Therefore, Plaintiff is entitled to present additional evidence, if any, in support of his claim. Consequently, the full Commission erred in dismissing Plaintiff's claim on the bases of collateral estoppel and the law of the case.

For the foregoing reasons, the Opinion and Award of the Industrial Commission is reversed and this matter is remanded to the Industrial Commission for further proceedings in which the Commission shall allow the parties to produce additional evidence as to their claims and defenses.

REVERSED AND REMANDED.

Judge WOOD concurs.

Chief Judge DILLON concurs in result only.